# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| DAVID M. WUERTENBERG<br>FED. REG. #10966-035 | CIVIL ACTION NO. 09-0825<br>SECTION P |
| VS. | JUDGE MINALDI |
| WARDEN JOSEPH P. YOUNG | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

*Pro se* petitioner David M. Wuertenberg filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on May 18, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana (FCIO). Petitioner asks that this court order the BOP to allow him to complete a residential reentry program in Austin, Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### *Background*

On May 31, 2001, petitioner pled guilty to damaging religious property (18 U.S.C. § 247(a)(1) and 2). On August 30, 2001, he was sentenced to 63 months custody and ordered to pay restitution in the amount of $70,324.99 to the church that was the victim of his crime.

*United States v. David M. Wuertenberg*, No. 6:01-cr-60042. Petitioner was also sentenced to 9 years imprisonment following his conviction in a Louisiana Court for an unspecified violation of Louisiana law.

On May 18, 2009, petitioner filed the instant petition for writ of *habeas corpus*. Doc. 1. Petitioner alleges that his post-incarceration plan is to seek an education and work in Austin, Texas. As a result, petitioner has requested that he be able to complete a residential reentry program in Austin. Currently, petitioner is scheduled to complete the residential reentry program in Lake Charles, Louisiana. Petitioner argues that he will not have the same opportunities available to him in Lake Charles. According to petitioner, he has requested a change of his RRC placement address with the BOP, but his requests have been denied.

*Law and Analysis*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 in the judicial district where he is incarcerated. In order to state a claim for relief pursuant to 28 U.S.C. § 2241, a *habeas corpus* petitioner must allege and ultimately establish that he is in custody in violation of the Constitution and laws of the United States. The *habeas* petitioner has the burden of proof with regard to his claims for relief.

Petitioner implies that he is entitled to be transferred to an RRC placement in a city of his choosing; as such, he fails to state a claim for which relief might be granted. Prisoners do not have a constitutional right to incarceration in a particular place or at a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 245-46, 103 S. Ct. 1741, 1745-46, 75 L. Ed. 2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S. Ct. 2532, 2538, 49 L. Ed. 2d 451 (1976). Such

decisions are generally left to the discretion of corrections officials and are not typically subject to judicial review.

In short, petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States; nor has he otherwise shown that he has in any way been deprived of a right secured to him by the Constitution. Accordingly, he is not entitled to *habeas corpus* relief pursuant to 28 U.S.C. § 2241.

### *Conclusion*

For this reason, IT IS RECOMMENDED that this petition for *habeas corpus* should be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana, on this 1st day of July, 2009.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE